UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHESTER WILEY and DYLAN MATTIE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. ) |
| R2S2 MANAGEMENT, INC., d/b/a/ CRI IRRIGATION SERVICES, LDC MANAGEMENT GROUP, LLC, RUSSELL HULSEY, and MARK COHEA, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## **COMPLAINT**

COME NOW the Plaintiffs Chester Wiley ("Wiley") and Dylan Mattie ("Mattie") (collectively "Plaintiffs"), by and through undersigned counsel, and files this Complaint showing the Court as follows:

1.

Plaintiffs bring this lawsuit against R2S2 Management, Inc., d/b/a CRI Irrigation Services ("R2S2"), LDC Management Group, LLC ("LDC"), Russell Hulsey ("Hulsey"), and Mark Cohea ("Cohea") (collectively "Defendants"), to

1

recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et seq</u>.

2.

Defendants willfully violated the FLSA by failing to pay Plaintiffs for all overtime hours worked at a rate of time and one-half the required regular rate -- inclusive of all compensation not excludable from the regular rate calculation under applicable law -- for all hours worked above 40 in a work week, and failing to pay Plaintiffs all overtime compensation owed on a timely basis.

## **Parties**

3.

According to its website, www.cri-irr.com, Defendant R2S2 is an irrigation service company.

4.

According to its website, www.ldcgroups.com, Defendant LDC is a commercial and residential landscape construction company.

5.

Plaintiff Wiley worked for Defendant R2S2 as a "Foreman" from approximately April, 2010 through approximately July, 2013, and he worked for Defendant LDC as a "Foreman" from approximately October, 2013 and continuing through the end of his employment on or about approximately May 12, 2014.

6.

Defendant R2S2 paid Plaintiff Wiley as an hourly employee for his work as a "Foreman" until approximately August, 2012.

7.

Beginning in or about August, 2012 and through approximately July, 2013, Defendant R2S2 paid Plaintiff Wiley what Defendants referred to as a "salary" for performing the same work he performed as an hourly-paid "Foreman." When he returned in approximately October, 2013, and continuing until the end of his employment on or about approximately May 12, 2014, Defendant LDC paid Plaintiff Wiley what Defendants referred to as a "salary" for performing the same work he performed as an hourly-paid "Foreman" at R2S2 ("Wiley's relevant period").

8.

Plaintiff Mattie worked for R2S2 and LDC as a "Foreman" from approximately March 24, 2014 and continuing until his employment ended on or about approximately May 9, 2014 ("Mattie's relevant period").

9.

Defendant LDC paid Plaintiff Mattie what Defendants refer to as a "salary" for his work as a "Foreman" during his relevant period.

10.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, R2S2 is a Georgia for-profit corporation and may be served with process through its registered agent Russell D. Hulsey at 1871 Berkshire Eve Drive, Duluth, Georgia 30097, located within this judicial district.[1]

11.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, LDC is a Georgia for-profit corporation and may be served with

---

[1] The Georgia Secretary of State's website lists the address for R2S2's registered agent Russell D. Hulsey as "1871 Bershire Eve Drive"; however, Plaintiffs have verified through other means that the correct spelling is "Berkshire."

process through its registered agent Mark Cohea at 5695 Harmony Bend, Braselton, Georgia 30517, located within this judicial district.

12.

Hulsey is a Georgia resident subject to service at R2S2's principal place of business located at 1198 W. Shadburn, Buford, GA 30518, or at his address of 1871 Berkshire Eve Drive, Duluth, GA 30097, located within this judicial district.

13.

Cohea is a Georgia resident subject to service at LDC's principal place of business located at 4850 Golden Parkway, Buford, GA 30518, or at his address of 5695 Harmony Bend, Braselton, GA 30517, located within this judicial district.

## Jurisdiction and Venue

14.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

15.

Plaintiffs performed work for and were employed by Defendants in this judicial district, Defendants do business in this judicial district, and venue is

therefore proper in this Court.

16.

Plaintiffs were "employees" during their employment with R2S2 and LDC as defined by the FLSA and were entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

17.

R2S2 and LDC were at all times during the relevant period and thereafter employers or enterprises engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b)&(d).

18.

R2S2 and LDC were, at all times during the relevant period in this Complaint and thereafter, an enterprise and/or enterprises engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and have (and had during the relevant periods) annual gross revenues in excess of

$500,000 separately and/or in the aggregate.  *See, e.g., Cornell v. CF Center, LLC*, 410 F. App'x 265 (11th Cir. 2011).

19.

R2S2 and LDC have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by, for example, having their employees, including Plaintiffs, purchase and handle tools, such as shovels, rakes, pipe, and safety vests from companies such as Home Depot, John Deere, and Ewing Irrigation.  Upon information and belief, the tools Plaintiffs handled and purchased from Home Depot, John Deere, and Ewing Irrigation were moved through interstate commerce.  *See, e.g., Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1221-27 (11th Cir. 2010).

20.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, Hulsey serves as R2S2's Chief Executive Officer and Chief Financial Officer.

21.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, Hulsey serves as an officer of both corporate Defendants.

22.

According to www.bizapedia.com/people/RUSSELL-HULSEY.html, Hulsey is a member, manager, and organizer of LDC, and the Chief Executive Officer and Chief Financial Officer of R2S2.

23.

According to www.bizapedia.com/people/MARK-COHEA.html, Cohea is an organizer and officer of LDC.

24.

At all times throughout the relevant periods in this Complaint and thereafter, Defendant Hulsey was responsible for classification of Plaintiffs' overtime status and for payment of Plaintiffs' wages under the FLSA, and was a corporate officer with operational control of R2S2's covered enterprise, and may therefore be held liable in an individual capacity as an "employer" for R2S2's failure to pay overtime compensation to Plaintiffs in violation of § 207 of the FLSA.

25.

At all times throughout the relevant periods in this Complaint and thereafter, Defendant Cohea was responsible for classification of Plaintiffs' overtime status and for payment of Plaintiffs' wages under the FLSA, and was a corporate officer

with operational control of LDC's covered enterprise, and may therefore be held liable in an individual capacity as an "employer" for LDC's failure to pay overtime compensation to Plaintiffs in violation of § 207 of the FLSA.

26.

Plaintiff Wiley was individually engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during his employment with R2S2 and LDC during his relevant period.

27.

By way of non-exhaustive example, in October and November, 2013 Plaintiff Wiley performed work for LDC in Anderson, SC, and in December, 2013 Plaintiff Wiley performed work for R2S2 in Greenville, SC.

28.

Plaintiffs were covered by the maximum hours provisions of the FLSA throughout their employment with R2S2 and LDC as employees "engaged in commerce or in the production of goods for commerce" as defined by Section 7 of the FLSA.

29.

Jurisdiction and venue are proper in this Court as to all claims alleged in this Complaint.

## Facts Related To All Counts

30.

Upon information and belief, Defendant Hulsey holds an ownership interest in R2S2 and LDC.

31.

Upon information and belief, Defendant Cohea holds an ownership interest in LDC.

32.

Defendant Hulsey was responsible for setting Plaintiffs' rate of pay, and determining their schedules, assignments, and working conditions at R2S2.

33.

Defendant Cohea was responsible for setting Plaintiffs' rate of pay, and determining their schedules, assignments, and working conditions at LDC.

10

34.

Defendants R2S2 and LDC were joint employers of Plaintiffs because Plaintiffs' employment with R2S2 was not completely dissociated from their employment with LDC.

35.

By way of non-exhaustive example, Defendants directed Plaintiff Wiley to perform work, and Plaintiff Wiley did perform work, for both R2S2 and LDC within the same workweek during his relevant period.

36.

By way of non-exhaustive example, Defendants directed Plaintiff Mattie to perform work, and Plaintiff Mattie did perform work, for both R2S2 and LDC within the same workweek during his relevant period.

37.

When Plaintiffs performed work within the same workweek for both corporate Defendants, Plaintiffs' paychecks continued to reflect the name of one corporate Defendant but contained pay for time periods worked at both corporate defendants.

38.

By way of non-exhaustive example, when Plaintiff Wiley performed work for R2S2 and LDC within the same workweek, his paycheck for time periods worked at both corporate defendants continued to reflect LDC in the upper left corner.

39.

Plaintiffs were classified by Defendants internally as exempt from the maximum hours provisions of the FLSA.

40.

Defendants were aware prior to and during the relevant periods that the FLSA applied to Plaintiffs during their work for R2S2 and LDC.

41.

Defendants suffered or permitted Plaintiffs to work over forty hours in a work week on one or more occasions during the relevant periods, but did not pay Plaintiffs at time and a half their applicable regular rates inclusive of all bonuses and all other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate"), as defined by the FLSA for all hours worked over forty in a work week as required by the FLSA.

42.

As illustrative but non-exhaustive examples, on one or more occasions within the relevant periods, each time Plaintiffs worked over forty hours in a work week during the relevant periods, Defendants did not pay Plaintiffs for all of their hours worked over forty in a work week at time and a half their applicable regular rate as defined under the FLSA, i.e., their weekly pay divided by forty hours inclusive of all non-excludable compensation, including but not limited to bonuses and any other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

43.

At all times during the relevant periods, in addition to their regular weekly pay (referred to by Defendants as a "salary"), Plaintiffs were eligible to receive, and did in fact receive, bonuses and/or other compensation which caused their weekly pay amounts to vary based on whether a bonus or other compensation was paid for that week and/or the amount thereof.

44.

By way of non-exhaustive example, in approximately April, 2014, Plaintiff Wiley received a bonus in the amount of $250 in addition to his weekly "salary" for work performed for LDC during his relevant period.

45.

By way of non-exhaustive example, in May, 2014, Plaintiff Mattie received a bonus in the amount of approximately $40 in addition to his weekly "salary" for work performed for LDC during his relevant period.

46.

Upon information and belief, Defendants have failed to keep records of Plaintiffs' hours worked and other records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiffs for the time period required by law.

**Count 1: FLSA**

47.

Plaintiffs incorporate herein the allegations contained in the preceding paragraphs.

48.

Plaintiffs were non-exempt employees under the FLSA throughout their work for Defendants during the relevant periods.

49.

Despite being aware that the FLSA applied to Plaintiffs, Defendants violated the FLSA by not paying Plaintiffs overtime compensation at the rate of one and a half times their regular rate for all hours worked over 40 during the relevant period, in addition to liquidated damages or interest for overtime not paid in each paycheck for the applicable pay period.

50.

As a result of Defendants' failure to compensate Plaintiffs at a rate not less than one and one-half times the required regular rate of pay for work performed in excess of forty hours in a workweek, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

51.

Defendants' conduct as alleged herein was willful, within the meaning of 29 U.S.C. § 255(a).

52.

Plaintiffs are entitled to a judgment awarding recovery of their back overtime pay at the rate of one and a half times their applicable regular rate, in addition to an equivalent amount as liquidated damages, or prejudgment interest if liquidated damages are not awarded in full, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court enter a judgment against Defendants finding a violation of the FLSA and awarding the following relief:

1. Order Defendants to pay Plaintiffs their unpaid back overtime pay at time-and-a-half their applicable regular rates for all hours worked over 40 in a work week during the relevant periods, and an equivalent amount as liquidated damages (or prejudgment interest if liquidated damages are not awarded in full);

2. Order Defendants to pay Plaintiffs the amount of their costs and attorney's fees; and

3. Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFFS DEMAND A TRIAL BY A JURY OF TWELVE PERSONS.

Respectfully submitted this 19th day of August, 2014.

<div style="margin-left: 3em;">

*s/ Jerilyn E. Gardner*
C. Andrew Head
Georgia Bar No. 341472
Jerilyn E. Gardner
Georgia Bar No. 139779
Attorneys for Plaintiffs
Fried & Bonder, LLC
White Provision, Ste. 305
1170 Howell Mill Rd, NW
Atlanta, Georgia 30318
Tel: (404) 995-8808
Fax: (404) 995-8899
Email: ahead@friedbonder.com
       jgardner@friedbonder.com

</div>