## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made by R2S2 Management, Inc., d/b/a CRI Irrigation services and its officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("R2S2"), LDC Management Group, LLC ("LDC") and its officers, employees, agents, directors, representatives, successors, assigns, and shareholders, Russell Hulsey ("Hulsey"), and Mark Cohea ("Cohea"), (collectively "Defendants"), and Chester Wiley ("Wiley") and Dylan Mattie ("Mattie") (collectively "Plaintiffs"), regarding their claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") (the "claims").

This Agreement is made as a compromise between Plaintiffs and Defendants (collectively, the "Parties") for the complete and final settlement of their claims, differences and causes of actions raised by Plaintiffs.

## RECITALS

WHEREAS, Plaintiffs filed suit against Defendants asserting their claims at issue in this Agreement in the case styled *Chester Wiley, et al. v. R2S2 Management, Inc., et al.*, Case No. 1:14-CV-02692-LMM, U.S. District Court for the Northern District of Georgia (the "Litigation").

WHEREAS, Defendants deny Plaintiffs' allegations regarding their claims.

WHEREAS, on December 12, 2014, the Parties arrived at an agreement to settle their claims.

WHEREAS, Defendants deny, and continue to deny, the allegations in the Litigation and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in Plaintiffs' claims; nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of litigation, the Parties have agreed to settle Plaintiffs' claims on the terms and conditions set forth in this Agreement.

WHEREAS, the Parties recognize the outcome in the Litigation would be uncertain and achieving a final result through litigation would require additional risk, discovery, time and expense.

WHEREAS, counsel have investigated and evaluated the facts and law relating to the claims asserted in Plaintiffs' claims; after balancing the benefits of settlement with the costs, risks, and delay of litigation, Plaintiffs and Plaintiffs' counsel believe the settlement as provided in this Agreement is in the best interests of Plaintiffs and represents a fair, reasonable, and adequate resolution of their claims.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

# AGREEMENT

**A.     Consideration:** In order to resolve Plaintiffs' FLSA claims, Defendants agree to pay a total of $24,263.07 (collectively the "Settlement Payment"):

(i)     $623.07 to Mattie as full payment of overtime wages and liquidated damages;
(ii)    $12,500.00 to Wiley as overtime wages and liquidated damages; and
(iii)   $10,500.00 to Plaintiffs' counsel for attorneys' fees and $640.00 in costs related to both Plaintiffs.

**B.     Settlement Payment and Taxes:**

1.     One-half of the settlement amount to Mattie for overtime claims in Section (A)(i) (i.e., $311.54) shall be allocated to Mattie's for alleged unpaid overtime wages (the "W-2 payment"), and the remaining one-half of the settlement amount to Mattie for overtime claims in Section (A)(i) (i.e., $311.53) shall be allocated to Mattie for alleged unpaid liquidated damages, which shall be paid separately without any deduction for any taxes or other withholdings, in non-employment income reported on IRS Form 1099 (the "1099 payment").

2.     One-half of the settlement amount to Wiley for overtime claims in Section (A)(ii) (i.e., $6,250.00) shall be allocated to settlement of Wiley's claim for alleged unpaid overtime wages (the "W-2 payment"), and the remaining one-half of the settlement amount to Wiley for overtime claims in Section (A)(i) (i.e., $6,250.00) shall be allocated to settlement of Wiley's claim for alleged unpaid liquidated damages, which shall be paid separately without any deduction for any taxes or other withholdings, in non-employment income reported on IRS Form 1099 (the "1099 payment").

2.     The payment to Plaintiffs' counsel for attorneys' fees and costs pursuant to Section (A)(iii) shall be paid to "Fried & Bonder, LLC" ("Plaintiffs' Counsel") by separate check without any deduction for any taxes or other withholdings (the "1099 fee payment"). The 1099 fee payment shall be processed by 1099 issued to Plaintiffs' Counsel using a W-9 for Fried & Bonder, LLC, and reported on IRS Form 1099. The settlement amounts paid to Plaintiffs' Counsel for fees and costs constitute payment of Plaintiffs' attorneys' fees and costs on all claims under the FLSA and therefore are within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code.

3.     The full settlement amount of $623.07 to Mattie, which Mattie and Mattie's counsel represent as reflecting 100% of overtime and liquidated damages owed to Mattie, will be paid to Mattie within five (5) days of the Court's approval of the terms of this Agreement. The settlement amount to Wiley and Plaintiffs' counsel will be payable in equal monthly installments over fifteen (15) months, the first of which will be due within ten (10) days of the Court's approval of the settlement, with the remaining installments due on the first of each subsequent month until payment is complete. Upon each installment, Defendants will deliver one (1) check to Plaintiffs' counsel, one (1) check to Wiley as the W-2 payment, and one (1) check to Wiley as the 1099 payment, in the pro rata amounts owed under Sections B (2) and (3).

4. Defendants shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Plaintiffs are not relying on any information provided by Defendants concerning the tax consequences of payments made under this Agreement. Plaintiffs agree to indemnify and hold Defendants harmless of and from any claims of Plaintiffs or a third party, including governmental taxing authorities, for income taxes, FICA, or any other taxes of any kind relating to taxes owed by Plaintiffs on the payments set forth in Section A. In the event one of the Defendants is required to pay taxes owed by or on behalf of Plaintiffs (but not taxes owed by R2S2 and/or LDC as employer's portion of taxes owed to any tax authority by or on behalf of Plaintiffs) arising from the payments specified in Section A, or related interest, penalties or fines, Plaintiffs shall immediately reimburse such Defendant the full amount of such payment or they shall offset that amount against amounts owed to Plaintiffs, but not both. Nothing herein shall operate as a release of R2S2's and LDC's obligation for the employer's share of FICA and Medicare for the payment in Section A.

5. Payment by the dates specified in Subsection 3 above shall be made by delivery of payment to Plaintiffs' counsel's office by the date(s) provided in this Agreement.

**C.    Mutual Releases:** In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs hereby **RELEASES, REMISES, AND FOREVER DISCHARGES** Defendants and their former and current trustees, officers, administrators, agents, attorneys, employees, personally and in their respective capacities, and any other person or entity representing or succeeding to any such person or entity, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to him/her which he/she may now have against them, either individually, jointly, or severally, arising out of or otherwise related to their employment and separation from employment with R2S2 and LDC, that existed whether known or unknown through the date of this Agreement, including, but not limited to, (1) all claims arising under the Fair Labor Standards Act, the Age Discrimination in Employment Act, the Family and Medical Leave Act, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, the Americans with Disabilities Act, the Employee Retirement Income Security Act, or any other claim under federal law and any claim under state law, whether statutory, in contract, or in tort; (2) all claims that were raised in any manner, whether in writing or orally, by Plaintiffs in the Litigation; (3) any claim of any nature whatsoever that has been asserted or could be asserted by Plaintiffs against Defendants regardless of whether it is related to the Litigation (all of the foregoing, "Claims"). Defendants and their directors, officers, administrators, agents, subsidiaries, affiliates, and attorneys, hereby **RELEASE, REMISE, AND FOREVER DISCHARGE** Plaintiffs from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them which they may now have against them, either individually, jointly, or severally, based upon acts or facts which have occurred from the beginning of time to the date of this Agreement, arising out of or related to their employment with R2S2 and LDC.

**D.     Court Approval:** Within ten (10) business days of the execution of this Agreement the Parties will file with the Court on the publicly available docket a joint motion for approval of the terms of this Agreement, attaching this Agreement as an exhibit thereto. The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement. The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Plaintiffs' counsel is required to petition the Court for approval of the reasonableness and amount of its attorneys' fees and costs to be paid under this Agreement, Defendants do not oppose and agrees not to oppose the amount (or the reasonableness of the amount) of Plaintiffs' attorneys' fees to be paid to Plaintiffs' counsel out of the total Settlement Payment.

**E.     No Admission of Liability:** The Parties agree and acknowledge this Agreement is the result of a compromise and shall not be construed as an admission of liability, responsibility, or wrongdoing by Defendants. Defendants deny any liability, responsibility, or wrongdoing as alleged in the claims.

**F.     Severability of Provisions:** After approval by the Court, as addressed above, if any portion of this Agreement is held to be invalid by operation of law, the remaining terms of this Agreement shall not be affected and shall continue in full force and effect.

**G.     Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**H.     Choice of Law:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

**I.     Extension of Time:** The Parties may mutually agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**J.     Amendments/Modifications:** No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by all of the Parties.

**K.     Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

**L.     No Third-Party Beneficiaries:** This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

**M.     References and Anti-Retaliation:** Defendants are aware of the anti-retaliation provisions of Section 215 of the Fair Labor Standards Act and agree to comply. Defendants agree to respond to any inquiries regarding Plaintiffs by providing only a neutral reference

stating Plaintiffs' dates of employment, job title, and last rate of pay, and Defendants agree not to disclose the fact of Litigation or settlement of Plaintiffs' claims in response to any inquiries and will not make any reference to eligibility or ineligibility for rehire.

N.   **Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein.

O.   **Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

P.   **When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon the date of execution by the Parties. The date of execution shall be the effective date of the Agreement for the purposes of determining the end date of the releases contained herein. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

Q.   **Facsimile Signatures:** Execution by facsimile or signed .pdf delivered by email shall be deemed effective as if executed in original.

R.   **Corporate Signatories:** Each person executing this Agreement, including execution on behalf of the corporate defendant, warrants and represents that such person has the authority to do so.

S.   **Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

R2S2 MANAGEMENT, INC., d/b/a CRI IRRIGATION

_____
By: Russell Hulsey [CEO]

Date: 2/26/15

_____
Russell Hulsey

_____
Chester Wiley

Date: _____

_____
Dylan Mattie

Date: _____

LDC MANAGEMENT GROUP, LLC

_____
By: Mark Cohea [Insert Title]
Managing Partner

station; Plaintiffs' dates of employment, job title, and last rate of pay, and Defendants agree not to disclose the fact of Litigation or settlement of Plaintiffs' claims in response to any inquiries and will not make any reference to eligibility or ineligibility for rehire.

N. **Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein.

O. **Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

P. **When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon the date of execution by the Parties. The date of execution shall be the effective date of the Agreement for the purposes of determining the end date of the releases contained herein. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

Q. **Facsimile Signatures:** Execution by facsimile or signed .pdf delivered by email shall be deemed effective as if executed in original.

R. **Corporate Signatories:** Each person executing this Agreement, including execution on behalf of the corporate defendant, warrants and represents that such person has the authority to do so.

S. **Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

RZS2 MANAGEMENT, INC., d/b/a CRJ
ERGOTION

By: Russell Dobey [CFO]

Date: _____

_____
Russell Dobey

_____
Chester Wiley

Date: 3-20-2015

_____
Dejan Matoc

Date:

LDC MANAGEMENT GROUP, LLC

By: Mark Giricea [Insert Title]

_____

stating Plaintiffs' dates of employment, job title, and last rate of pay, and Defendants agree not to disclose the fact of Litigation or settlement of Plaintiffs' claims in response to any inquiries and will not make any reference to eligibility or ineligibility for rehire.

N.  **Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein.

O.  **Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

P.  **When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon the date of execution by the Parties. The date of execution shall be the effective date of the Agreement for the purposes of determining the end date of the releases contained herein. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

Q.  **Facsimile Signatures:** Execution by facsimile or signed .pdf delivered by email shall be deemed effective as if executed in original.

R.  **Corporate Signatories:** Each person executing this Agreement, including execution on behalf of the corporate defendant, warrants and represents that such person has the authority to do so.

S.  **Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

R2S2 MANAGEMENT, INC., d/b/a CRI IRRIGATION

By: Russell Hulsey [CEO]
Date: 2/26/15

Russell Hulsey

LDC MANAGEMENT GROUP, LLC

By: Mark Cohea [Insert Title]

Managing Partner

Chester Wiley
Date: _____

Dylan Mattie
Date: 3/24/15

REVIEWED AND APPROVED AS TO FORM BY COUNSEL: Mark Cohea

_____  
Jerilyn E. Gardner  
C. Andrew Head  
Counsel for Plaintiffs  

Date: _____

_____  
Thomas M. Mitchell  
Counsel for Defendants  

Date: 4/10/15

REVIEWED AND APPROVED AS TO FORM BY COUNSEL:

_____  
Jerilyn E. Gardner  
C. Andrew Head  
Counsel for Plaintiffs

Date: 3/30/15

Mark Cohea

_____  
Thomas M. Mitchell  
Counsel for Defendants

Date: _____